Rec 066621

FILED
JUN - 6 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **TEXAS NATIONAL BANK f/k/a MERCEDES NATIONAL BANK** | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **NO.** 07-355 C |
| **UNITED STATES** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Texas National Bank f/k/a Mercedes National Bank ("TNB"), by and through its attorney of record, Edward C. Snyder, Castillo Snyder, P.C., 300 Convent Street, Suite 1020, San Antonio, Texas 78205; Tel: 210-630-4200, Fax: 210-630-4210 and hereby submits this complaint, and as grounds in support thereof states the following:

### I. SUBJECT MATTER JURISDICTION

1. This is an action for wrongful payment under the Assignment of Claims Act and Assignment of Contracts Act. As such this Court has jurisdiction over this case under the Assignment of Claims Act, 31 U.S.C. §3727, 41 U.S.C. §15. *Thomas Funding Corp. v. United States,* 15 Cl. Ct. 495, 502 (1988).

### II. FACTUAL BACKGROUND

2. Plaintiff is a bank located in Mercedes, Texas on the U.S.-Mexico border. For several years, Plaintiff provided financing to a contractor, All Star Iron Works (hereinafter "All Star"), which company entered into several contracts with the U.S. Customs Service for the provision of construction related services for several border ports of entry.

3. In order to secure its loans to All Star, on January 14, 2000 Plaintiff entered into an assignment agreement with All Star (the "Assignment"), whereby All Star agreed to assign to Plaintiff all payments to be received from Defendant related to four (4) contracts between All Star and U.S. Customs, being contracts CS-I-99-24-748-8; CS-I-99-24749-6; CS-I-99-25600-1; CS-I-99-24747-0 (collectively the "Contracts") under master contract TC-I-96-013.

4. Plaintiff promptly provided notice of the Assignment to Defendant via U.S. Customs' contracting and disbursing officer. On or about January 24, 2000 the Assignment was sent to Customs' Chief Counsel for review and approval. Thereafter, upon approval by Customs' legal counsel, Customs executed an acknowledgement of the Assignment.

5. In June 2001, Plaintiff became aware that U.S. Customs had been making payments pursuant to the Contracts directly to Al Star instead of to Plaintiff. On or about June 14, 2001 Plaintiff sent notice to the contracting officer, William Mynatt, advising Customs that all payments needed to be made to Plaintiff pursuant to the Assignment.

6. On July 4, 2001 the Customs Contracting Officer wrote to Plaintiff explaining that Customs had made a mistake, and requesting that Plaintiff fill out an Electronic Funds Transfer information form and send it to the Customs Account Services Division ("ASD"). Plaintiff complied with this request and sent the form to the ASD in July 2001.

7. Plaintiff never received any further payments from Customs pursuant to the Assignment. All Star never paid Plaintiff either, and wholly defaulted on its debt to Plaintiff. All Star is no longer in business.

8. Plaintiff has since learned that All Star received direct payments from Defendant under the Contracts, in violation of the Assignment, for work performed by All Star continuously from March 2000 until at least October 2001 and thereafter. To wit, Plaintiff has learned that

Defendant directly paid All Star the total sum of $21,206.00 on contract CS-I-99-24748-8 in October 2001 for work performed by All Star on that contract; paid All Star the total sum of $113,351.91 on contract CS-I-99-24749-6 between October 2000 and July 30, 2001 for work performed by All Star on that contract; paid All Star $148,508.84 on contract CS-I-99-25600-1 between March 2000 and October 2001 for work performed by All Star on that contract; and paid All Star $145,546.65 on contract CS-I-99-24747-0 between March 2000 and October 2001 for work performed by All Star on that contract. Upon information and belief, Defendant directly paid All Star additional sums after October 2001.

9. Plaintiff brings suit to recover those sums wrongfully paid to All Star for work performed on the Contracts between March 2000 and October 2001 and beyond.

## III. CAUSE OF ACTION FOR WRONGFUL PAYMENT

10. Plaintiff alleges that every single one of the above payments made by Defendant to All Star was wrongful and in violation of the Assignment. Plaintiff complied with the Assignment of Claims Act and the Assignment of Contracts Act, and expected to, and should have received payments directly from Defendant. Instead Defendant ignored the Assignment and paid All Star directly for work performed on the Contracts, all to Plaintiff's damage. Plaintiff financed All Star so that All Star could complete the work on the Contracts; now Plaintiff has been left with nothing. As such Plaintiff brings this action pursuant to the Assignment of Claims Act to recover all monies Defendant wrongfully paid to All Star as described above. *Thomas Funding Corp. v. United States*, 15 Cl. Ct. 495 (1988).

## IV. DISCOVERY RULE

11. Plaintiff did not discover that Defendant had wrongfully made payments to All Star until June 2001. Plaintiff complained at that time and also followed Defendant's instructions in



\\Dchzm91\c - cd\LECS - CURRENT\Mydocuments\Texas National Bank T-28991.0\iron works\COMPLAINT.doc

attempt to cure the problem. Plaintiff more recently learned that Defendant continued to wrongfully make payments to All Star after June 2001 – indeed well into October 2001 and thereafter. Plaintiff did not discover, and could not with the exercise of reasonable diligence have discovered, these wrongful payments until more recently.

## V. ATTORNEY'S FEES

12. Plaintiff has retained the undersigned counsel to seek recovery of the damages listed above. Plaintiff seeks recovery of reasonable and necessary attorney's fees as well as costs of suit as the prevailing party. *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F. 2d 162, 166 (6th Cir. 1985).

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Texas National Bank f/k/a Mercedes National Bank asks that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for:

1) Actual Damages in the amount of $428,613.40;
2) Reasonable and necessary attorney's fees;
3) Prejudgment and post-judgment interest as allowed by law;
4) Costs of suit; and
5) All other relief the court deems appropriate.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, TX 78205
Telephone: (210) 630-4200
Facsimile: (210) 630-4210

By: ______________________
EDWARD C. SNYDER
U.S. Crt. Fed. Claims: Admission Pending
State Bar No. 00791699

**ATTORNEYS FOR PLAINTIFF**