UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEXAS NATIONAL BANK f/k/a MERCEDES NATIONAL BANK<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant | Court No. 07-00355C<br>Judge Firestone |

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 of the complaint consist of plaintiff's characterization of its case and conclusions of law, to which no response is required. To the extent this paragraph may be deemed to contain allegations of fact, they are denied.

2. Defendant lacks information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 2 of the complaint. Defendant admits that All Star Iron Works has other contracts with the United States Custom Service, otherwise lacks information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 2 of the complaint.[1]

3. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Defendant admits the allegations contained in the first sentence of paragraph 4 of the complaint. Defendant admits that it acknowledged receipt of the Notice of

[1]Defendant notes that after the creation of the Department of Homeland Security on March 1, 2003, the "U.S. Customs Service" and elements of other agencies were reorganized into the U.S. Customs and Border Protection.

Assignment, otherwise denies the allegations contained in paragraph 4 of the complaint.

5. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of the complaint. Defendant denies the allegations contained in the second sentence of paragraph 5 of the complaint.

6. Defendant specifically denies that the United States Custom Service made a mistake, otherwise admits the allegations contained in the first sentence of paragraph 6 of the complaint to the extent supported by the document cited which is the best evidence of its contents. Defendant admits the allegations contained in the second sentence of paragraph 6 of the complaint.

7. Defendant denies the allegations contained in the first sentence of paragraph 7 of the complaint. Defendant specifically avers that after receipt of the Electronic Funds Transfer information form, it sent payments as directed by plaintiff. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the complaint.

8. The allegations contained in the first sentence of paragraph 8 of the complaint consist of plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the second sentence of the paragraph 8. Defendant admits that additional payments have been made to All Star Iron Works, otherwise denies the allegations in the third sentence of paragraph 8 of the complaint.

9. The allegations contained in paragraph 9 of the complaint consist of plaintiff's characterization of its case and conclusions of law, to which no response is required; to the

extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 of the complaint consist of plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. The allegations contained in the first sentence of paragraph 12 of the complaint constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact they are denied. The allegations contained in the second sentence of paragraph of the complaint constitute plaintiff's prayer for relief to which no response is required; to the extent they may be deemed allegations of fact they are denied.

13. The remainder of the complaint consists of plaintiffs' request for relief to which no response is required; if a response is deemed required, denies that plaintiffs is entitled to the relief requested or to any relief whatsoever.

14. Each and every allegation of material fact not admitted, denied, or otherwise qualified is hereby denied.

WHEREFORE, defendant respectfully requests that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
ANDREW JONES
Office of Assistant Chief Counsel
U.S. Customs and Border Protection
6650 Telecom Drive
Indianapolis, Indiana 46278

August 6, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 6th day of August, 2007,"DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD