IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEXAS NATIONAL BANK f/k/a MERCEDES NATIONAL BANK | ) | |
| Plaintiffs, | ) | |
| v. | ) | Court No. 07-00355C |
| | ) | Judge Firestone |
| UNITED STATES, | ) | |
| Defendant | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action?**

The Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. 1491(a)(1). The United States states that the Court lacks jurisdiction over approximately $260,000 of the plaintiff's $430,000 claim based upon plaintiff's failure to file its action within the applicable six-year statute of limitations. 41 U.S.C. § 605.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

The parties do not believe that the trial should be bifurcated into liability and damages.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

**f. Will additional parties be joined?**

The Government intends to implead All-Star Iron Works, the Assignor, as a third party defendant to this action. The Government states that, barring unforeseen difficulties, it will file an amended complaint within 45 days of the issuance of a scheduling order.

Plaintiff requests that the Court order that any proposed joinder of a third party to this lawsuit should be done expeditiously and by a date certain (for example within 30 days of the issuance of a scheduling order) so as not to unduly delay the trial of this case.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Plaintiff reserves all rights to file a RCFC 56 Motion based on evidence obtained through discovery. Plaintiff also contends that a 12(b) Motion on Limitations would not be appropriate in this case given Plaintiff's invocation of the discovery rule in the Complaint (Complaint at ¶11). *See e.g., White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973); *See* also *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991))(the district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").

Defendant expects to file a motion pursuant to RCFC 12(b) to raise the statute of limitations issue regarding the untimely portion of plaintiff's claim. Defendant also expects to file a motion pursuant to RCFC 56 on the remaining issues in the case.

**h. What are the relevant issues?**

This case involves the assignment of claims clause in a contract between the United States Customs Service, now the Customs and Border Protection ("CBP") and All-Star Iron Works ("All-Star"). On June 26, 1996, All-Star was awarded an indefinite delivery/indefinite quantity ("ID/IQ") contract with the CBP to perform minor construction and repair jobs at various ports of entry in Texas. On or about January 14, 2000, All-Star allegedly assigned its right to payment for work performed under that contract to the plaintiff, Texas National Bank, formerly known as Mercedes National Bank ("Bank"). The CBP made payments for task orders related to the ID/IQ contract between March 1, 2000, and July 23, 2001. There is a dispute between the parties as to how and to whom those payments were made. Plaintiff contends that the CBP continued to pay All-Star directly, instead of directing those payments to the Bank. The Government contends that the Bank did not timely provide the CBP with the correct electronic funds transfer information, and that when the CBP possessed the correct EFT information, it directed the payments into the bank account specified by the Bank.

The Government further contends that the Bank knew, or should have known, as early as March 2000, that it was not receiving payments under the notice of assignment. Therefore, for payments made on or before June 4, 2001, plaintiff's suit is untimely, and should be dismissed on statute of limitations grounds.

<u>Plaintiff's Issues:</u>

Plaintiff views this case as very simple. Plaintiff is entitled to judgment against Defendant for any and all payments made by Defendant to All Star after the Assignment Agreement was executed. Therefore the only fact issues for Plaintiff are (1) did Defendant make payments to All Star after January 2000 in violation of the Assignment Agreement; (2) what is the total amount of those payments?

<u>Defendant's Issues</u>:

(1) Did the plaintiff bring this suit within the applicable statute of limitations?

(2) Did the CBP make payments in accordance with the notice of assignment of claim made by All-Star?

**i. What is the likelihood of settlement?**

The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

The parties believe that it will be necessary to take discovery in order to determine if there are disputed issues of material fact requiring a trial. The parties do not request expedited trial scheduling. Defendant requests that any trial in this case should be held in Indianapolis, Indiana, because that is where the CBP's counsel and most, if not all, of the agency witnesses are located. Plaintiff responds that holding the trial in Indianapolis would be inappropriate particularly given Defendant's stated intention to implead or join All Star as a party, the principals of which company all reside in the McAllen, Texas area. Therefore, Plaintiff would request that any trial be held in McAllen, Texas so that subpoenas can be properly issued for witnesses from All Star.

**k. Are there special issues regarding case management needs?**

The parties are currently unaware of any special issues regarding case management needs.

**l. Is there any other information of which the Court should be aware of at this time?**

The parties are unaware of any other information of which the Court should be aware of at this time.

**m. Discovery plan**

(1) Discovery will be needed on the following subjects: allegations in the Complaint and defenses available to defendants.

(2) All non-expert discovery commenced in time to be completed by April 30, 2008.

(3) Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

(4) Maximum of 10 depositions by plaintiff and 10 by defendant. Each deposition is limited to maximum of 8 hours.

(5) The parties are under a continuing obligation under Rule 26(e) to update all discovery responses timely and in good faith. Discovery requests shall be supplemented and fully amended no later than 30 days before the end of discovery.

**n. Other Items**

(1) The parties do not request a conference with the Court before entry of the scheduling order.

(2) Plaintiff.

The Government proposes reserving setting the pre-trial date until after the resolution of all dispositive motions. At that time, the parties shall contact the Court to schedule a pre-trial conference.

(3) All potentially dispositive motions should be filed on or before July 1, 2008.

(4) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due, if necessary, no later than 30 days after resolution of all dispositive motions.

(5) Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(6) Time of trial shall be evaluated at the pre-trial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Edward C. Snyder
EDWARD C. SNYDER
Castillo Snyder, P.C.
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas 78205
Phone (210) 630-4200
Fax (210) 630-4210

Attorney for Plaintiff

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant