IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEXAS NATIONAL BANK f/k/a MERCEDES NATIONAL BANK<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant | Court No. 07-00355C<br>Judge Firestone |

**DECLARATION**

1. I, Ronald H. Newman, am employed by the Department of Homeland Security, United States Customs and Border Protection ("CBP"), as the Commercial Accounts Section Chief in the National Finance Center, Office of Finance, Indianapolis, Indiana. I have worked for CBP and its predecessor, U.S. Customs Service ("Customs") since 1985. I have occupied my current position since July 23, 2007.

2. My official duties include responsibility for ensuring that all vendors doing business with CBP are paid in a prompt and accurate manner. This includes responding to all levels of inquiries from CBP, vendors, and other government agencies. Specifically, as it relates to this matter, I am responsible for making payments to commercial vendors, including the processing of electronic funds transfer requests and assignments of claims. I am familiar with the process that was used to make requests for electronic funds transfers effective at all times relevant to this matter.

3. In 2001, it would have taken a minimum of ten days for the plaintiff's request for the payment of funds into specified accounts to be processed and take effect. This ten-day period was the result of the Department of the Treasury's administrative process which was outside the control of Customs. Any payments issued prior to the effective date would not reflect changes requested in the preceding ten days. This ten-day lag would have existed whether a change was being made to reflect an assignment or merely changing the payee's account number.

4. I have reviewed the documents under my custody and control and have not located any documents evidencing that All Star Iron Works assigned its claim in this matter to the plaintiff.

5. Between 1985 and 2005, Customs' Commercial Accounts Section was located in a facility at 6026 Lakeside Boulevard in Indianapolis, Indiana. Many other functions performed by Customs were collocated in the facility which was approximately 75,000 square feet and housed over three hundred employees. Incoming mail was sorted by addressee in the mail room. No one within Commercial Accounts would have had an opportunity to see mail addressed to any other part of the building.

6. I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Ronald H. Newman
Chief, Commercial Accounts Branch
National Finance Center
Office of Finance
U.S. Customs and Border Protection

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEXAS NATIONAL BANK f/k/a MERCEDES NATIONAL BANK<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant | Court No. 07-00355C<br>Judge Firestone |

## DECLARATION

1. I, William L. Mynatt, am employed by the Department of Homeland Security, United States Customs and Border Protection ("CBP"), as a Contracting Officer in the Finance Acquisition Division, Office of Finance, Indianapolis, Indiana. I have worked for CBP and its predecessor, U.S. Customs Service ("Customs") since 1990. I have been a contracting officer with the agency since 1990.

2. My official duties include responsibility for the award and administration of construction contracts. Specifically, as it relates to this matter, I performed all responsibilities in accordance with Federal Acquisition Regulation, Part 1. In this regard, I awarded the contract to All Star Iron Works. I also was responsible for acknowledging receipt of the assignment of the claim.

3. Although I received e-mail communications from the plaintiff indicating that payment was not being received in accordance with the assignment, I do not recall receiving a certified claim on

this matter as provided by the Federal Acquisition Regulation. Additionally, I do not recall rendering any final agency decision on the matter of this assignment.

4. I have reviewed the documents under my custody and control and have not located a copy of All Star Iron Works' assignment of its claim in this matter to the plaintiff.

5. The disbursing office indicated in the contract and task orders is not the same as the contracting office. It was not my responsibility to provide copies of the assignment of claim to the disbursing office or any other party.

6. I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

William L. Mynatt
Contracting Officer
Finance Acquisition Division
Office of Finance
U.S. Customs and Border Protection